Seth BERNER, Plaintiff

v.

Thomas DELAHANTY, Defendant.

Civil No. 96–83–P–C.

United States District Court,
D. Maine.

Sept. 16, 1996.

Seth Berner, Portland, Maine, pro se.

Peter J. Brann, Assistant Attorney General, Augusta, Maine, for Defendant.

### MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

Plaintiff Seth Berner is an attorney licensed to practice in Maine. Complaint ¶ 5. Defendant Thomas Delahanty is a justice sitting on the Maine Superior Court. Complaint ¶ 4. On October 31, 1995, Plaintiff appeared in Defendant's courtroom wearing on his lapel a political button in connection with a then-up-coming ballot question for the November election. Complaint ¶¶ 5, 7, 8; Complaint Ex. A. The Plaintiff alleges that he was "instructed" to remove his button. Complaint ¶ 13. The transcript attached to the Complaint reveals that Justice Delahanty inquired of Plaintiff: "Can you remove the political pin while you're in the courtroom?" The Plaintiff removed the political button, and responded in protest: "Your honor what happened to my right to political speech?" Justice Delahanty stated: "Not in the courtroom. We don't take sides..... The courtroom is not a political forum."

Plaintiff subsequently filed this action alleging that the request to remove the button violated his rights under the First Amendment and requesting injunctive relief in order to enjoin Defendant from prohibiting the wearing of political buttons in his courtroom unless it interferes with the ongoing court business and declaratory relief as the Court deems necessary. On May 15, 1996, this Court denied Plaintiff's request for preliminary injunctive relief. Docket No. 13. Defendant moves for judgment of dismissal on the pleadings under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Docket No. 6. For the reasons that will be explained below, the Defendant's Motion to Dismiss will be granted.

Defendant argues that Plaintiff lacks standing to seek either declaratory or injunctive relief. Defendant's Motion to Dismiss and Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Docket No. 4) at 4. In the interest of judicial economy, the Court will assume, without deciding, that Plaintiff has standing to bring this action.

To resolve Defendant's Motion to Dismiss, the Court must accept as true all factual allegations in the Complaint, construe them in favor of Plaintiff, and decide whether, as a matter of law, Plaintiff could prove any set of facts which would entitle him to relief. *See Roeder v. Alpha Industries, Inc.,* 814 F.2d 22, 25 (1st Cir.1987); *Gott v. Simpson,* 745 F.Supp. 765, 768 (D.Me.1990). Both parties agree that the state courtroom

is a nonpublic forum. Plaintiff's Memorandum of Law in Support of Objection to Defendant's Motion to Dismiss (Docket No. 8) at 6; Defendant's Opposition to Plaintiff's Motion for preliminary Injunction at 10. Because the courtroom is a nonpublic forum, Judge Delahanty's decision to limit the Plaintiff's wearing of the political button need only be; (1) reasonable in light of the purpose which the court serves and (2) viewpoint neutral. *See Cornelius v. NAACP Legal Defense & Educational Fund Inc.,* 473 U.S. 788, 806, 105 S.Ct. 3439, 3451, 87 L.Ed.2d 567 (1984).

■ First, the Court will consider whether the curtailment here was reasonable given the court's legitimate interest in "preserv[ing] the property ... for the use to which it is lawfully dedicated." *Perry Ed. Ass'n. v. Perry Local Educators' Ass'n.,* 460 U.S. 37, 50, 103 S.Ct. 948, 957, 74 L.Ed.2d 794 (1983) (citations omitted). "A courtroom is not a debate hall or a gathering place for the public to exchange ideas; it is a forum for adjudicating the rights and duties of litigants." *Kelly v. Municipal Court of Marion County,* 852 F.Supp. 724, 735 (S.D.Ind.1994). In order to achieve this goal, judges strive, through the judicial process, to provide an environment of absolute fairness. Moreover, "[i]n contrast to discourse in public fora, discussions that occur in court are highly regulated by rules of evidence and procedure." *Id.* Accordingly, Judges must be given a wide latitude to determine what is inconsistent with the court's mission or what is necessary to create an environment to achieve that mission. Given the purpose to which courtrooms are dedicated, it was reasonable for Judge Delahanty to shield the courtroom from the inevitable appearance of politicization created by attorney Berner's button.

In support of his position, Plaintiff relies on *Tinker v. Des Moines Independent Community School Dist.,* 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969), where the Supreme Court held that the school district could not prevent students from wearing black arm bands to exhibit their disapproval of the war in Vietnam. The Court concluded that "the prohibition of expression of *one*

*particular opinion,* at least without evidence that it is necessary to avoid material and substantial interference with schoolwork or discipline, is not constitutionally permissible." *Id.* at 511, 89 S.Ct. at 739 (emphasis added). Plaintiff argues that his button, like the arm bands in *Tinker,* did not interfere with the courtroom proceedings or disrupt the progress of the court calender.

*Tinker,* however, is distinguishable. In reaching its decision, the *Tinker* Court also considered that the policy instituted by school authorities was not facially neutral. *Id.* at 510, 89 S.Ct. at 738 ("It is also relevant that the school authorities did not purport to prohibit the wearing of all symbols of political or controversial significance."). In this case, although Plaintiff's button was not causing a disruption of court business, there is no indication that the judge intended to discourage one viewpoint and advance another. On the contrary, Judge Delahanty frankly stated: "We don't take sides." Given the purpose to which courtrooms are dedicated, Justice Delahanty's request that Plaintiff remove the political button while he was in the courtroom was a reasonable viewpoint-neutral restriction.

Accordingly, it is *ORDERED* that Defendant's Motion to Dismiss be, and is hereby, *GRANTED* and it is hereby *ORDERED* that Plaintiff's Complaint be, and it is hereby, *DISMISSED.*